UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER ALFREDO RIVERA ISAULA,

Petitioner,

v. Case No. 3:26-cv-1368-MMH-PDB

TODD M. LYONS, et al.,

Respondents.

---

**ORDER**

Petitioner Roger Alfredo Rivera Isaula, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on May 25, 2026. Rivera Isaula is proceeding on an Amended Petition (Doc. 7). Rivera Isaula, a citizen of Honduras, was paroled into the United States on April 13, 2022. Doc. 11-1 at 2, 4, 8. United States Immigration and Customs Enforcement detained Rivera Isaula following his December 28, 2025 arrest by local law enforcement for driving under the influence. See id. at 8. In Count One of Rivera Isaula's Amended Petition, he argues that his detention is governed by 8 U.S.C. § 1226(a), and he seeks an individualized bond hearing. See Doc. 7 at 4–5.[1]

[1] The Court is satisfied it has jurisdiction over Rivera Isaula's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21,

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Rivera Isaula, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Rivera Isaula was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

The Federal Respondents' confusing and unsupported arguments to the contrary are not persuasive. The Federal Respondents assert that Rivera Isaula "has a final order of removal," but in the same paragraph, they recognize that Rivera Isaula's appeal of the removal order remains pending and conclude that "the final order of removal is not yet administratively final and pre-final order detention authorities apply." Doc. 11 at 1 (emphasis added). In their analysis, the Federal Respondents acknowledge that "Petitioner has appealed

---

2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026).

what would be a final, executable order of removal," but they assert that he "is subject to mandatory detention . . . per 8 U.S.C. § 1231." Id. at 5-6 (emphasis added). These statements are entirely inconsistent. "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). And the "removal period" outlined in § 1231 does not begin until the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). Because Rivera Isaula's removal order is not final, he is not subject to mandatory detention under § 1231(a)(2)(A).[2]

Accordingly, it is **ORDERED**:

1. Rivera Isaula's Amended Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED** as to Count One.[3] Within **seven days** of this Order, Respondents shall either afford Rivera Isaula an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Rivera Isaula, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

[2] The Federal Respondents also refer to a "Johnson" case but fail to provide the full case name or citation. Doc. 11 at 5.

[3] Because the Court finds that Rivera Isaula is entitled to relief on Count One, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 9/29
c:
Counsel of Record